## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHEYENNE MOORE.** | § | |
| *Plaintif,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **K. HOVNANIAN COMPANIES,** | § | **4:21-cv-1190** |
| **LLC, D/B/A K. HOVNANIAN** | § | **ECF** |
| **HOMES,** | § | |
| *Defendant.* | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Cheyenne Moore, then-expectant mother, applied for a job selling homes at K. Hovnanian ("K. Hov."), a custom home builder and seller. Despite Ms. Moore having significant experience in real-estate, K. Hov.'s employee, Ms. Wendy Blevins, did not interview or hire Ms. Moore because she was pregnant. Ms. Moore knows this because Mr. Kolton Wilson, a then employee at K. Hov., discussed the matter with his manager, Ms. Wendy Blevins, who informed him she would not interview Ms. Moore because she was pregnant. Ultimately, K. Hov. hired someone who was not pregnant.

## I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Cheyenne Moore, is an individual who resides in Brazoria County, Texas.

2. K. Hovnanian is a New Jersey Limited Liability Company with its principal

place of business in New Jersey.

3.  Defendant may be served with process through the Secretary of State of the State of Texas as Defendant has not designated a registered agent in the State of Texas.

4.  Personal jurisdiction over Defendant K. Hov. is appropriate because at all times relevant to Plaintiff's claims, Defendant K. Hov. was doing business in the State of Texas as defined by the Texas Long Arm Statute, contained in Section 17.042 of the Texas Civil Practice and Remedies Code, by recruiting Texas residents for employment inside the State of Texas through its various locations throughout the State of Texas including Defendant's location where Ms. Moore sought employment. Further, an exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

5.  This Court has jurisdiction to hear the merits of the claims under 28 U.S.C. § 1331.

6.  Venue is proper in the district and division under 28 U.S.C. § 1391(b).

7.  The Court has supplemental jurisdiction over Plaintiffs' claims under the Texas Labor Code because those claims are so related to claims in the action within Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. §1367.

## II.   FACTUAL BACKGROUND

8.  Ms. Moore is a female.

9.  Ms. Moore became pregnant in November 2019.

10. Ms. Moore's due date was July 13, 2020.

11. On or around, February 14, 2020, Ms. Moore sent her resume to Mr. Kolton Wilson, a K. Hov., Employee, to apply for the sales open sales associate / sales agent position.

12. K. Hov. regularly recruited employees through this word-of-mouth process; the job to which Ms. Moore applied was no exception.

13. Ms. Moore was qualified for the job.

14. Ms. Moore's job qualifications included:

   a. Two-and-one-half years of new apartment leasing;

   b. She received three promotions at her last place of work, including the following positions:

      i. Leasing consultant;

      ii. Leasing manager; and

      iii. Corporate leasing manager;

   c. Sales numbers in new dwelling sales:

      i. 85% occupancy rate achieved as leasing consultant;

      ii. 400 units as leasing manager and leasing consultant;

      iii. 95% occupancy rate as corporate leasing manager; and

      iv. ~500 units sold as corporate leasing manager.

15. Simply put, Ms. Moore was adept at selling newly finished construction to potential renters, which was applicable experience to a job which would have required selling new homes.

16. After applying, Ms. Moore received no further contact from the company with

regard to her employment application.

17. The individual making the hiring decision, Ms. Wendy Blevins, choose not to consider Ms. Moore for hire because of her pregnancy.

18. Ms. Blevins' biases against pregnant women are detailed in **Exhibit A** (statement of Kolton Wilson) and are incorporated by reference.

19. Instead, K. Hovnanian hired another individual to fill the position; this individual was not pregnant at the time of her interview or hire.

20. The individual who K. Hovnanian hired instead of Ms. Moore did not have the qualifications Ms. Moore had.

21. Because K. Hovnanian made its hiring decision based on Ms. Moore's sex and pregnancy status, K. Hov. engaged in sex and pregnancy discrimination against Ms. Moore when it refused to consider her for employment.

22. Mr. Kolton Wilson, a former employee of K. Hovnanian, has given a statement in support Ms. Moore's claims. See **Exhibit A**.

23. Ms. Moore incorporates **Exhibit A** into the fact section of her original complaint by reference.

### III.   CAUSES OF ACTION

### A.   CIVIL RIGHTS ACT OF 1964 – SEX DISCRIMINATON

24. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

25. Defendant's actions as described herein constitute unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

26. Plaintiff has satisfied all jurisdictional prerequisites in connection with Plaintiff's claims.

27. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her employment.

28. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

29. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federally-protected rights.  Plaintiff therefore seeks punitive damages under 42 U.S.C. § 1981a.

30. Defendant's actions referenced in the paragraphs above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue her rights in this action. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 2000e-5(k).

31. Additionally, Plaintiff seeks any and all equitable relief necessary to return her to the position that she would have been in but for Defendant's unlawful discrimination.

## B.  PREGNANCY DISCRIMINATION ACT

32. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

33. Defendant's actions as described herein constitute unlawful pregnancy

discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

34. Plaintiff has satisfied all jurisdictional prerequisites in connection with Plaintiff's claims.

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her employment.

36. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

37. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federally-protected rights.  Plaintiff therefore seeks punitive damages under 42 U.S.C. § 1981a.

38. Defendant's actions referenced in the paragraphs above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue her rights in this action. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 2000e-5(k).

39. Additionally, Plaintiff seeks any and all equitable relief necessary to return her to the position that she would have been in but for Defendant's unlawful discrimination.

## C.  TCHRA SEX DISCRIMINATION

40. Plaintiff re-alleges and incorporates the allegations contained in the above

paragraphs as if fully stated herein.

41. As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's sex in violation of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, et seq. The employment practices complained of above were intentional.

42. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the Texas Labor Code.

43. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her prospective employment.

44. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

45. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's state-protected rights.   Plaintiff therefore seeks punitive damages under the Texas Labor Code.

46. Additionally, Plaintiff seeks any and all equitable relief necessary to return her to the position that she would have been in but for Defendant's unlawful discrimination.

47. Defendant's actions referenced in the paragraphs above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue her state rights

in this action. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under the Texas Labor Code.

## D.  TCHRA PREGNANCY DISCRIMINATION

48.  Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

49.  As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's pregnancy in violation of the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001, et seq. The employment practices complained of above were intentional.

50.  Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the Texas Labor Code.

51.  As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her prospective employment.

52.  As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to, emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

53.  Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's state-protected rights.  Plaintiff therefore seeks punitive damages under the Texas Labor Code.

54.  Additionally, Plaintiff seeks any and all equitable relief necessary to return her to the position that she would have been in but for Defendant's unlawful

discrimination.

55. Defendant's actions referenced in the paragraphs above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue her state rights in this action. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under the Texas Labor Code.

## IV.   JURY DEMAND

56. Plaintiff hereby makes a demand for a trial by jury on all issues, claims and defenses in this action.

## V.   PRAYER

1. WHEREFORE, Plaintiff Ms. Moore respectfully requests that the above-named Defendants, be cited to appear in this matter and that, after jury trial by proof, she be awarded:

    i.   Back pay, including but not limited to, lost wages (salary and commissions) and other employment benefits;

    ii.   Reinstatement to Plaintiff position of employment, equivalent position of employment, or the position of employment Plaintiff would have enjoyed but for the discrimination and retaliation;

    iii.   In the event that reinstatement is not feasible, front pay with respect to all pay and benefits Plaintiff would have received but for termination;

    iv.   Judgment against Defendants for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    v.   Actual damages;

    vi.   Punitive damages;

    vii.   Liquidated damages in the maximum amount allowed by law;

    viii.   Judgment against Defendants for Plaintiff's reasonable attorneys' and experts' fees; and costs of suit; and

ix.   Prejudgment and post-judgment interest as allowed by law;

x.    Such other and further legal and/or equitable relief to which Plaintiff may
      be justly entitled, as this court may deem proper.


      Respectfully submitted,

      April 12, 2021

      Evan Lange Law, PLLC
      14015 Southwest Fwy. #14
      Sugar Land, Texas 77478
      713.909.4558-telephone

      By: /s/ *Evan B. Lange*
      Evan B. Lange, Attorney-in-Charge
      Texas Bar No. 24089021
      evan@evanlangelaw.com

# EXHIBIT A

## AFFIDAVIT OF KOLTON T. WILSON

1.   My name is Kolton T. Wilson.

2.   I am over the age of 18 and am competent to make the following statement.

3.   The following facts are within my personal knowledge.

4.   K. Hovnanian sought to hire someone for a sales assistant / consultant position.

5.   Ms. Moore purchased a home from me.

6.   During the purchasing process, Ms. Moore asked me about job opportunities at K. Hovnanian.

7.   I informed her of the job opening, and I said she could send me her resumé.

8.   I reviewed Ms. Moore's resumé to ensure she had relevant experience for the job, which I determined she had based on my knowledge from working this position.

9.   On or around February 14, 2020, I forwarded Ms. Cheyenne Moore's resumé to Wendy Blevins.

10.   Initially, Ms. Blevins thanked me and informed me she would reach out to Ms. Moore, presumably to schedule an interview.

11.   Before Ms. Blevins could schedule an interview, I had a conversation with Ms. Blevins at work about Ms. Moore.

12.   In this conversation, I mentioned that Ms. Moore was pregnant.

13.   I knew Ms. Moore was pregnant because she told me she was expecting a child, and she was visibly pregnant.

14.   In response to learning Ms. Moore was pregnant, Ms. Blevins had negative comments, including comments or words to the effect of:

     a.   "I don't want to hire somebody who's pregnant; of course, I can't tell her that."

     b.   "When somebody becomes a mom, they may not want to continue working."

15.   To my knowledge, after Ms. Blevins learned Ms. Moore was pregnant, she did not contact, interview or otherwise proceed with vetting Ms. Moore for the job.

16.   In fact, I submitted another resumé for this job on behalf of Kayli Sullivan, who was less qualified than Ms. Moore, but Ms. Blevins did reach out to her.

17.   I have seen people apply for and get hired by K. Hovnanian by submitting resumés through current K. Hovnanian employees like Ms. Moore.

18.   K. Hovnanian hired multiple people around this time for that position; however, several individuals hired were clearly less qualified than Ms. Moore.

19.   I believe the only reason why K. Hovnanian did not consider Ms. Moore for the position was her pregnancy.


**UNSWORN DECLARATION PURSUANT TO TEX. R. CIV. P. 132.001**

My name is Kolton T. Wilson, my date of birth is July 15, 1990 and my address is 725 Mercer Falls Lane, League City, TX 77573. I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, State of Texas on the 29 day of June, 2020.

_____
Kolton T. Wilson, Declarant